IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00824-BNB

RICHARD RAMOS,

    Plaintiff,

v.

JIM KELLER,
TASHA DOBBS,
DUANE ROBINSON,
ROBERT ARMENTA, and
STAN HILKEY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

Plaintiff Richard Ramos currently is detained at the Mesa County Detention Center in Grand Junction, Colorado. On April 3, 2009, Mr. Ramos filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Pursuant to Magistrate Judge Boyd N. Boland's April 15, 2009, Order to File Amended Complaint, Mr. Ramos filed an Amended Complaint on May 8, 2009.

The Court must construe the Amended Complaint liberally because Mr. Ramos is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se*

litigant's advocate. *See id.* For the reasons stated below, the Court will dismiss the Complaint in part as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The claims asserted against Defendants Duane Robinson, Jim Keller, Tasha Dobbs, and Robert Armenta will be drawn to a district judge and to a magistrate judge.

To assert a claim for denial of access to the courts against Defendant Stan Hilkey, Mr. Ramos must plead and prove that he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case. Mr. Ramos has been able to file his case in this Court. Moreover, Mr. Ramos has no constitutional right, per se, to photocopies or a legal library. Therefore, the Court finds Claim

2

Two is legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Defendant Hilkey and the claim asserted against him will be dismissed from the action.  Accordingly, it is

ORDERED that Claim Two as asserted against Defendant Stan Hilkey is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the Clerk of the Court is directed to terminate Defendant Stan Hilkey as a party to this action.  It is

FURTHER ORDERED that Claim One as asserted against Defendants Jim Keller, Tasha Dobbs, Duane Robinson, and Robert Armenta shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 22 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00824-BNB

Richard Ramos
Prisoner No. 212345
Mesa County Detention Facility
P.O. Box 20,000
Grand Junction, CO 81502

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk