IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00824-WYD-KLM

RICHARD RAMOS,

      Plaintiff,

v.

JIM KELLER,
TASHA DOBBS,
DUANE ROBINSON, and
ROBERT ARMENTA,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** [Docket No. 41; Filed August 20, 2009] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.Colo.L.Civ.R. 72.1(C)(3), the Motion has been referred to this Court for recommendation.  The Court has reviewed the Motion and the accompanying affidavit, Plaintiff's response to the Motion [Docket No. 47; Filed September 10, 2009], the entire case file, and the relevant law, and is fully advised in the premises.  For the reasons stated below, I RECOMMEND that the Motion be **granted**, the claims dismissed, and that judgment be entered in favor of Defendants.

## I. BACKGROUND

At the time of the filing of this action, Plaintiff was in the custody of the Colorado Department of Corrections ("CDOC") at the Mesa County Detention Facility ("Facility") in

1

Grand Junction, Colorado.   *Complaint* [#6] at 2.   Plaintiff alleges that on November 16, 2008, he was arrested and incarcerated at the Facility.   *Id.* at 5.  He claims that a parole violation report must be filed within ten working days of his confinement; in this case, November 28, 2008.  *Id.*  According to Plaintiff, he was first visited at the jail by Defendant Robinson, a parole officer, on December 3, 2008. *Id.*  He alleges that he informed Robinson that he had been in custody for thirteen days and that Robinson told him he would be released that day.  *Id.*

Over the ensuing days, Plaintiff asked officers at the Facility if the Parole Board had dropped the hold that was keeping him in custody, but they just laughed at him.  *Id.*  On December 17, 2008, Plaintiff alleges that Defendant Dobbs, a parole officer, came to the Facility to serve Plaintiff with the parole complaint papers.  *Id.*  Plaintiff claims that Dobbs acknowledged that Plaintiff had been illegally detained for 20 days and that he would be released that night.  *Id.*  In fact, Plaintiff alleges he was not released that day.  *Id.*

Plaintiff alleges that before his parole revocation hearing, he informed Defendant Keller, a parole supervisor, that he had been in custody for 33 days.  Plaintiff alleges that Keller also recognized that Plaintiff's continued incarceration was illegal and informed Plaintiff that he would be released that day.  *Id.*  Plaintiff was apparently not released.  In addition to the claim that Defendants failed to serve the parole complaint in a timely manner, Plaintiff also alleges that the Parole Board violated Colorado law by not holding a revocation hearing within 30 days of his arrest.  *Id.* at 6.

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983.   Defendants Robinson, Keller, and Dobbs are Colorado state parole officers.  *Id.* at 2.  Defendant Armenta is the Director of Parole.  *Id.* at 3.  Plaintiff alleges that Defendants violated his

rights to due process and that he was falsely incarcerated in violation of the Eighth and Fourteenth Amendments. *Id.* at 4.[1] He seeks injunctive and monetary relief. *Id.*

Defendants assert a number of grounds to support their motion to dismiss or for summary judgment. They contend that Plaintiff's claims are barred by *Heck v. Humphrey.* Defendants also assert that Plaintiff has failed to present a cognizable claim under § 1983 because (1) he alleges a violation of state law; (2) he does not allege facts demonstrating Defendants' personal participation in the alleged constitutional violation; and (3) there is no federal right to a parole revocation hearing within 30 days of arrest. They also assert that Plaintiff failed to exhaust his administrative remedies and that they are entitled to qualified immunity from Plaintiff's claims for monetary relief.

## II.  STANDARD OF REVIEW

A.     Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff

---

[1] Plaintiff's denial of access to the courts claim has been dismissed by the Court in a separate order. *See Order to Draw in Part and to Dismiss in Part* [#11].

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

B.   Motion for Summary Judgment

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

4

fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met his initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Further, the nonmoving party's affidavit or evidence must be more than "mere reargument of a party's case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al.,

5

*Federal Practice and Procedure* § 2738 at 356 (3d ed. 1998).

  C.  Plaintiff's Status

  The Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

  A.  *Heck v. Humphrey*

  Defendants contend that Plaintiff cannot obtain monetary damages on his claims in the absence of a judgment invalidating his imprisonment, relying on *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Motion* [#41] at 3.  That case involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate conviction.  *Id.* at 479.  In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id.* at 487.  If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*  "[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed ...." *Heck*, 512 U.S. at 487.

The *Heck* decision applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Nevertheless, not all actions involving parole revocation are barred by *Heck*.  A prisoner cannot bring a § 1983 claim that challenges the result of a parole revocation decision, but may do so if the action involves procedural aspects of a parole revocation.  *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (if plaintiff "were to seek damages for the wrong procedures, not for reaching the wrong result, and if that procedural defect did not necessarily imply the invalidity of the revocation then *Heck*" does not apply).  For example, in *Wilkinson*, *supra*, the Supreme Court held that prisoners are not barred from challenging the constitutionality of parole procedures through a § 1983 action. 544 U.S. at 82.  *Heck* itself did not foreclose the prisoners' § 1983 claims because in that case, if successful, the prisoners would neither necessarily receive a quicker release nor would a decision in their favor imply the invalidity of their conviction or sentence.  *Id.  See also French v. Adams Cty. Detention Ctr.*, 379 F.3d 1158, 1160 (10th Cir. 2004) (allegation that prisoner was denied an attorney and a court appearance while being held in jail on a parole violation is a valid § 1983 claim not barred by *Heck*).

7

Defendants argue that *Heck* bars the present cause of action because Plaintiff "may" be asserting that his parole revocation complaint should be dismissed because he was not served within ten days, thus implying the invalidity of his revocation.  *Motion* [#41] at 4. I disagree.  The complaint makes no mention of a parole revocation hearing.  Nor does Plaintiff challenge the outcome of a parole revocation decision.  In fact the record does not even indicate whether parole was ever revoked.  Plaintiff's claims involve matters of procedure not substance.  He claims his constitutional rights were violated because he was not released from confinement pending his parole revocation.  If he were to succeed, it would not vitiate any sentence he receives for his parole violation.  Therefore, Plaintiff's § 1983 action is not barred by *Heck v. Humphrey*.

B.    Due Process

Procedural due process protects the individual against "arbitrary action of government."  *Wolff v. McDonnell*, 418 U.S. 539,  557 (1974).  While it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 229 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555-56.  In general, a plaintiff must make two showings in order to proceed on a procedural due process claim.  *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001).  First, a plaintiff must demonstrate that he possesses a protected liberty or property interest.  *Id.*  Second, a plaintiff must show the procedures utilized were inadequate under the circumstances.  *Id.* at 1149.

The Constitution does not in itself create any liberty or property interest and therefore "[t]he Due Process Clause standing alone confers no liberty interest in freedom

from state action 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (citation omitted).   Rather, liberty interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).   A liberty interest "may arise from the expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).   However, for prisoners, a liberty interest is only found in a "restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 284.

In the context of state parole proceedings, a federal liberty interest only arises when the prisoner has a viable claim of entitlement to parole. *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994).   "There is no constitutional entitlement to release on parole independent of a right explicitly conferred by the state." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).   Because the Colorado Parole Board has the discretion to refuse or grant parole, a prisoner has no entitlement to parole. *See Callis v. Ortiz*, 247 Fed. App. 112, 115 (10th Cir. 2007).   Therefore, Plaintiff has no federal liberty or due process interest. *Sandin*, 515 U.S. at 284.

The statute cited by Plaintiff, Colo. Rev. Stat  § 17-2-103, *Response* [#47] at 1-2, does not create a liberty interest under Colorado law.   That statute provides that within ten working days of the arrest of a parolee, the parole officer must "[f]ile a complaint before the board in which the facts are alleged upon which a revocation of parole is sought ...."   Colo.

9

Rev. Stat. § 17-2-103(4)(a). The parole officer must provide a parolee with a copy of the complaint within a reasonable length of time before any parole board hearing. *Id.* § 17-2-103(6)(a).

Plaintiff alleges that the parole officers violated his rights to due process because he was not *served* with a copy of the complaint within ten days. The Colorado statute does not require that a parolee be *served* with the complaint within ten days of his arrest. *See People v. White*, 804 P.2d 247, 249 (Colo. App. 1990) (denying relief to parolee alleging that he was not served complaint within ten days). Therefore, Plaintiff has no claim based on this statutory provision.

Plaintiff also appears to allege that he was not provided with a parole revocation hearing within 30 days of his arrest. *Complaint* [#6] at 6. Plaintiff asserts that he was arrested on November 16, 2008 and that his parole hearing was held on December 18, 2008, a 32-day period. The Colorado statue provides that if a parolee is in custody, a revocation hearing "shall be held within a reasonable time, not to exceed thirty days after the parolee was arrested; except that the board may grant a delay when it finds good cause to exist thereof." Colo. Rev. Stat. § 17-2-203(7).

Defendants concede that Plaintiff's revocation hearing was not held within the statutorily required thirty days. However, Defendants assert that Plaintiff does not have a federal constitutional right to a revocation hearing within thirty days, and, in any event, the short delay was reasonable. *Motion* [#41] at 9-10.

Defendants are correct. There is generally not a constitutional right to a speedy revocation hearing. *See Carchman v. Nash,* 473 U.S. 716, 731 n. 10 (1985); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). However, due process requires that a revocation

hearings be held within a "reasonable time." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). A "lapse of two months ... would not appear to be unreasonable." *Id.* Here, Plaintiff's hearing was held two days past the statutory period. The delay was not unreasonable and did not violate Plaintiff's constitutional rights.

Even if Defendants had not complied with the state statute, Plaintiff's claims would not survive a motion to dismiss. An action brought pursuant to 42 U.S.C. §1983 cannot be based solely on alleged violations of state law. *Malek*, 26 F.3d at 1016; *Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988). Because Plaintiff has not alleged sufficient facts to support his claim that his constitutional rights have been violated, the case should be dismissed.

C.  Personal Participation

Defendants move to dismiss the claims against them because Plaintiff has not alleged sufficient facts to demonstrate their personal participation in the claimed unconstitutional conduct. Evidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). An affirmative link must exist between the alleged constitutional violation and the Defendant's participation, control or direction. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006); *Whitelow v. Stanley*, 06-cv-02256-ZLW-MEH, 2007 WL 4268961, at *6 (D. Colo. Nov. 28, 2007) (unpublished decision). Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant. *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the

11

defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The complaint alleges that Defendants Keller, Dobbs, and Robinson visited Plaintiff at the Facility. Plaintiff alleges that he informed each of these Defendants that he had been held in custody beyond ten days without being served a copy of the revocation complaint. According to Plaintiff, all of these defendants told him that he would be released shortly and asked him not to pursue litigation against them because of the delay. *Complaint* [#6] at 5-6.

I find that these assertions are sufficient to establish Defendants Keller, Dobbs and Robinson's personal participation in the alleged violation of Plaintiff's constitutional rights by not serving the complaint within ten days. However, Plaintiff has offered no facts supporting his claim that the revocation hearing was delayed beyond the statutory time limit of 30 days. This aspect of Plaintiff's complaint should be dismissed because Plaintiff has not alleged Defendants' personal participation in the conduct.

Plaintiff's claims against Defendant Armenta are solely based on Armenta's position as Director of Parole. *Id.* at 3. Plaintiff's complaint must be based upon more than the mere allegation that because an individual is a supervisor, he is also responsible for Plaintiff's alleged injuries. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-00 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he personally directed the alleged offensive conduct or knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative

12

link" between supervisor's own conduct and the alleged violation).  "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna*, 455 F.3d at 1151 (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).

Plaintiff has neither alleged that Armenta participated in the failure to serve the complaint nor that he had any part in the delay of the revocation hearing.  In fact, the complaint make no specific mention of Armenta or any actions taken by him.  Thus, Plaintiff has failed to allege any personal participation of Defendant Armenta or an "affirmative link" between any conduct attributable to him and Plaintiff's alleged injuries other than his position of authority as Director of Parole. Plaintiff has not satisfied his pleading burden as to Defendant Armenta. *See Jojola v. Chavez*, 55 F.3d 488, 490-91 (10th Cir. 1995). Accordingly, all claims against Defendant Armenta should be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

D.    Exhaustion of Remedies

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted at the facility level before a prisoner may challenge those conditions via federal complaint.   Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211, (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").  However, the burden is not on the Plaintiff to sufficiently plead exhaustion or attach exhibits proving exhaustion.  *Jones*, 549 U.S. at 216.  Rather, the burden is on Defendants to assert  failure to exhaust in their dispositive motion as an affirmative defense. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).  As such, if the evidence presented creates a genuine dispute in Plaintiff's favor as to whether his claims were properly exhausted, the Motion must be denied on this ground.

According to an affidavit of a Grievance Officer for the CDOC, there are three steps to the inmate grievance process.  *Motion* [#41] Ex. A ¶ 3.  In order to exhaust his administrative remedies, an inmate must complete all three steps of the process.  *Id.* ¶ 4. CDOC records indicate that Plaintiff never filed a grievance alleging that he was being held unlawfully in custody or that the parole complaint was not served on him within ten days. *Id.* ¶ 6.  Based on this affidavit, Defendants move for summary judgment.

Plaintiff concedes that he has not exhausted his administrative remedies. *Response* [#47] at 3.  However, he claims that Defendant Keller told him on December 18, 2008 that his incarceration was the fault of the Facility. *Id.*  He also claims that on January 10, 2009, officials at the Facility told him that he could not file a grievance and had to contact the Parole Board.  *Id.*  Plaintiff thought it was too late to file a grievance against the Parole Board. *Id.*  Therefore, he claims that he has been unable to file a grievance and the Facility refused to allow him to file one.  *Id.*

14

"[A] prisoner is only required to exhaust those procedures that he or she is reasonably *capable* of exhausting." *Hoover v. West*, 93 Fed. Appx. 177, 181 (10th Cir. 2004). There is a recognized exception to the exhaustion requirement when an inmate has been prevented from filing a grievance or the facility refused to answer a grievance. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Baldauf v. Garoutte*, 137 Fed. Appx. 137, 141 (10th Cir. 2005) ("[T]he plain meaning of 'available' indicates that if a prisoner is hindered from utilizing the grievance procedure, the grievance procedure is not available").

Plaintiff's conclusory assertions regarding the unavailability or impossibility of exhaustion, as well as his arguments that Defendants' alleged misrepresentations excuse his failure to exhaust, do not serve to raise any genuine issue of material fact about whether Plaintiff properly exhausted this issue prior to pursuing it herein. *See Thomas v. United States BOP*, No. 07-1426, 2008 WL 2498049, at *3 (10th Cir. June 24, 2008) (unpublished decision) (holding that prisoner's conclusory and unsupported allegations regarding complications in exhaustion process did not create a dispute for purposes of summary judgment); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements . . . ."); *Sparks v. Foster*, 241 Fed. Appx. 467, 473-74 (10th Cir. June 19, 2007) (unpublished decision) (holding that inmate's claim that exhaustion was "futile does not excuse lack of exhaustion"). Because Plaintiff does not sufficiently dispute that he did not, in fact, exhaust this claim, summary judgment should be entered in favor of Defendants.

E.    Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's claims.

15

Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two-part process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next ... step is to ask whether the right was clearly established." *Id.* In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors should be reviewed first in light of the circumstances of the case. *Id.* at 818. As I have concluded above, Plaintiff has not stated a tenable § 1983 claim for any of the constitutional violations alleged in the complaint. Therefore, it is unnecessary to consider the second prong of the qualified immunity analysis. *See Saucier*, 533 U.S. at 201. Defendants are entitled to qualified immunity on Plaintiff's claims for monetary relief.

## Conclusion

Based on the foregoing,

I **RECOMMEND** that the Defendants' Motion be **GRANTED**.

I FURTHER **RECOMMEND** that the Motion to Dismiss be **GRANTED** and the case be **DISMISSED** against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

I FURTHER **RECOMMEND** that the Motion for Summary Judgment be **GRANTED** and that judgment be entered in favor of Defendants pursuant to Fed. R. Civ. P. 56.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 4, 2009

___/s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge